# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> APRIL VENTURA-SERAFIN, <br><br> Defendant. | 8:16CR103 <br><br> **ORDER** |

This matter is before the Court on defendant April Ventura-Serafin's ("Ventura-Serafin") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 48).

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the Court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the Court must order the United States Attorney to respond to the motion. *Id.*

Ventura-Serafin pled guilty to possessing 50 grams or more of a mixture or substance containing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and carrying a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). She was sentenced to a term of imprisonment of 140 months for the drug crime and 60 months for the gun crime.

In her § 2255 motion, Ventura-Serafin alleges her attorney failed to object to the Court's incorrect finding that she was a career offender and failed to object to misleading portions of the presentence investigation report. She also claims she asked her attorney

to file an appeal and he did not do so. "[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)). If the government disagrees with the factual basis of Ventura-Serafin's claim, an evidentiary hearing will be necessary. *Franco v. United States*, 762 F.3d 761, 765 (8th Cir. 2014)

After initial review, "it does not plainly appear that the defendant is entitled to no relief." Therefore, the government must file a response. The Court will determine whether an evidentiary hearing is required after receipt of the government's response.

IT IS ORDERED:
1. Summary dismissal is not appropriate.
2. The United States shall file a response to the § 2255 motion within 21 days of the date of this Order.

Dated this 6th day of December, 2017.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge