IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:16CR103 |
| v. | |
| APRIL VENTURA-SERAFIN, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on petitioner April Ventura-Serafin's ("Serafin") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 48). For the reasons stated below, the motion is denied and no certificate of appealability shall issue.

**I.    BACKGROUND**

On December 2, 2016, Serafin pled guilty pursuant to a written plea agreement to (1) possessing fifty grams or more of a mixture or substance containing methamphetamine with intent to distribute, *see* 21 U.S.C. § 841(a)(1) and (b)(1), and (2) carrying a firearm in relation to a drug trafficking crime, *see* 18 U.S.C. § 924(c). Each crime carried a mandatory minimum of five years, and the terms could not run concurrently. *Id*.

In the plea agreement, Serafin admitted the offense involved between 350 and 500 grams of a mixture or substance containing methamphetamine. The government agreed that, if Serafin was eligible for an offense-level reduction for acceptance of responsibility, it would move for an additional reduction of one level under United States Sentencing Guidelines ("Guidelines") § 3E1.1. Section V(B) of the plea agreement stated:

> The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds

> are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.

Finally, the plea agreement contained a provision waiving any right to challenge the conviction and sentence both on direct appeal and collateral attack with two exceptions. The first exception allowed Ventura-Serafin to challenge her conviction and sentence "should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime." The second allowed her "to seek post-conviction relief based on ineffective assistance of counsel."

Ventura-Serafin's Presentence Investigation Report ("PSR") attributed between 1,000 and 3,000 kilograms of marijuana equivalent to her, which would normally result in a base offense level of 30. *Id*. § 2D1.1(c)(5). The PSR stated she was a career offender based on two state drug convictions, which automatically raised the offense level to 34.[1] *Id*. § 4B1.1(b). After a two-level decrease for acceptance of responsibility and an additional one-level decrease in accordance with the plea agreement, the total offense level was 31. Ventura-Serafin's criminal history score was 12. While that criminal history score would normally result in a criminal history category of V, Ventura-Serafin's designation as a career offender resulted in a criminal history category of VI. *See id*.

---

[1]Ventura-Serafin objected to the PSR's drug amount because the amount agreed to in the plea agreement would result in a base offense level of 28, but she withdrew the objection at the sentencing hearing because it was mooted by her career offender designation.

A total offense level of 31 and a criminal history category of VI resulted in a Guidelines range for incarceration of 262 to 327 months. *Id*. § 4B1.1(c)(2). The Guidelines range for supervised release was four to five years for the drug charge and two to five years for the gun charge. The probation officer recommended a downward variance to 200 months imprisonment, 140 months for the drug charge and 60 months for the gun charge, with the sentences to run consecutively. The probation officer recommended two five-year supervised release terms to run concurrently.

Ventura-Serafin's attorney, Donald L. Schense ("Schense"), did not object to the career-offender designation and stated in a filing, "Unfortunately, but true, it appears this Chapter 4 Enhancement is correctly applied pursuant to U.S.S.G. 4B1.1. [sic] and as such, the Defendant will offer no non-frivolous objections." The government adopted the PSR with no objections.

At the sentencing hearing on February 24, 2017, the Court accepted the plea agreement. Neither party made any objections or argument during the hearing beyond allocution. The Court accepted the recommendation of the probation officer and sentenced Ventura-Serafin to consecutive sentences of 140 months imprisonment for the drug charge and 60 months imprisonment for the gun charge, followed by concurrent five-year terms of supervised release on each charge.

On December 4, 2017, Ventura-Serafin filed the present motion alleging four claims of ineffective assistance of counsel. Ventura claims Schense was ineffective because he failed to (1) adequately inform her that the plea agreement prohibited any challenge to her criminal history and waived appeal, (2) object to her designation as a career offender, (3) object to the PSR, and (4) prosecute a direct appeal. The Court held an evidentiary hearing on these issues on April 20, 2018.

## II. DISCUSSION

### A. Standard of Review

"A defendant 'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." *Deroo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). "To sustain [her] ineffective assistance of counsel claim[s], [Ventura-Serafin] must show '[her] counsel's representation was deficient and that the deficient performance prejudiced the defendant's case.'" *Id.* (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)).

### B. Explanation of the Plea Agreement

Ventura-Serafin asserts Schense "failed to adequately inform her she was entering into a plea agreement that prohibited any challenge to her criminal history and her waivers of appeal." Ventura-Serafin believed Schense "could make any argument to mitigate the sentence exposure" and "misrepresented the specific paragraphs which prohibited challenging her criminal history, or run the risk of losing acceptance of responsibility."[2]

At the change-of-plea hearing, the Court discussed the plea agreement in detail with Ventura-Serafin. While Ventura-Serafin had a copy of the plea agreement in front of her, the Court asked (1) if she had read and reviewed it with Schense, (2) if Schense had answered all the questions she had, and (3) if she thought she understood the terms and conditions of the plea agreement. Ventura-Serafin answered yes to each question.

---

[2]Ventura-Serafin also appears to argue section V(B) of the plea agreement violates due process because "she was denied an appropriate examination of her criminal history." Ventura-Serafin misrepresents the plea agreement. The plea agreement did not prohibit challenges to her criminal history; it only prohibited (1) blanket objections not based on stated grounds and (2) objections claiming "the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded[.]" Ventura-Serafin was free to make specific objections based on stated grounds as well as arguments that she was not the person convicted of the listed offenses if there was some basis for her claim.

The Assistant United States Attorney then described the terms of the plea agreement and specifically said that Ventura-Serafin "waives most of her rights to appeal her conviction or the sentence imposed."

Later in the hearing, the Court explained, "The other part of this agreement that's important for you to understand is that you give up nearly all of your rights to appeal your sentence and your conviction. . . . [I]t will be very difficult for you to appeal this decision to a higher court. Do you understand that?" Ventura-Serafin again answered yes.[3]

Ventura-Serafin represented to the Court multiple times that she understood the provisions of the plea agreement, including specific provisions that she challenges here. Because Ventura-Serafin previously testified that she had read and understood all of the plea agreement, discussed it with Schense, and had no questions, she cannot now claim her attorney failed to inform her about the provisions in the plea agreement.

### C. Career-Offender Designation

The PSR classified Ventura-Serafin as a career offender based on two previous Nebraska state convictions for "attempted possession with intent to deliver a controlled substance." *See* Neb. Rev. Stat. §§ 28-201 and 28-416. Ventura-Serafin argues Schense was ineffective for failing to object to this designation.

Ventura-Serafin was a career offender for purposes of sentencing if (1) she was at least eighteen years old when she committed the present crimes for which she was being

---

[3]Ventura-Serafin testified at the evidentiary hearing that she was under the influence of many medications during the change-of-plea hearing. At the change-of-plea hearing, after being informed Ventura-Serafin was on medications, the Court asked if there was "anything about those medications or the effects of those medications that would affect your ability to answer truthfully and to know what's going on here today?" Ventura-Serafin replied no. After observing many aspects of Ventura-Serafin's conduct and demeanor, the Court further found, "Ms. Ventura-Serafin is competent to proceed with this hearing notwithstanding . . . that she is taking certain medication for mental health issues prescribed by a doctor."

sentenced, (2) at least one of the present crimes was "either a crime of violence or a controlled substance offense," and (3) she "ha[d] at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Ventura-Serafin only challenges the third element.[4]

A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute or dispense." *Id.* § 4B1.2(b). This includes any attempt to commit such an offense. *Id.* § 4B1.2 cmt. n. 1.

In *United States v. Maldonado*, the Eighth Circuit examined whether a conviction under § 28-416 qualified as a controlled substance offense under the Guidelines. 864 F.3d 893, 897-901 (8th Cir. 2017). After noting that the statute listed offenses in the alternative and separately defined those offenses, the Eighth Circuit determined the statute was divisible. *Id.* at 898. Accordingly, the panel applied the modified-categorical approach and "look[ed] to state-court documents 'to identify, from among several alternatives, the crime of conviction so that [it could] compare it to the generic offense.'" *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 264 (2013)).

According to the state-court documents, on January 12, 2009, Ventura-Serafin was found guilty "of attempted possession with intent to deliver a controlled substance – methamphetamine/amphetamine." On November 17, 2014, Ventura-Serafin pled guilty to "criminal attempt – delivery of a controlled substance."[5] Because Nebraska's

---

[4]In her brief, Ventura-Serafin based part of her argument on the fact that she was originally charged in one of the cases with possession with intent to deliver a hazardous drug. However, the charging document was amended to reference a controlled substance, and Ventura-Serafin seemed to withdraw that argument during the evidentiary hearing.

[5]Ventura-Serafin's two convictions were a class II felony and a class III felony. "As such, they both satisfy the requirement that a controlled substance offense be

6

definition of "deliver" is not more broad than the Guidelines's definition, "[Ventura-Serafin's] state convictions categorically fit with the generic federal definition." *Id*. at 900-01. Schense's failure to object to her designation as a career offender was not deficient representation.

### D. Objections to the PSR

Ventura-Serafin alleges Schense was ineffective because he failed to object to various portions of her PSR. Ventura-Serafin points to three issues: (1) she was allegedly the victim of identity theft and some of the criminal activity on the PSR was not attributable to her, (2) Schense should have moved for a downward departure on the drug charges, and (3) she was misled into believing the government would file a motion to reduce her sentence under Federal Rule of Criminal Procedure 35(b).

#### 1. Identity Theft

Ventura-Serafin claims she was the victim of identity theft, and the woman[6] who stole her identity actually committed some of the crimes listed in the PSR. At the evidentiary hearing, Ventura-Serafin identified PSR paragraphs 68 and 69 as describing crimes actually committed by the identity thief.

Ventura-Serafin has not offered any evidence in support beyond her testimony, and the Court finds she has not met her burden to prove the veracity of her claim. Additionally, her designation as a career offender caused any criminal history points accumulated in PSR paragraphs 60 to 74 to become irrelevant. Even if Ventura-Serafin is correct that she did not commit those two crimes and Schense was deficient for failing to object, she was not ultimately prejudiced by Schense's failure to object. *See Deroo*, 223 F.3d at 925.

---

'punishable by imprisonment for a term exceeding one year.'" *Id*. at 899 n.2 (quoting U.S.S.G. § 4B1.2(b)).

[6]Ventura-Serafin identifies her as "Stephanie Espinosa" and "Stephanie Espinosa-Gonzalez."

### 2. Downward Departure

Ventura-Serafin contends Schense was ineffective for failing to move for a downward departure on the drug charges based on *Dean v. United States*, 581 U.S. ___, 137 S. Ct. 1170 (2017). In *Dean*, the Supreme Court determined that a district judge sentencing a defendant for a drug crime and a violation of § 924(c) could take into account the mandatory minimum of five years under § 924(c) when sentencing the defendant on the predicate drug crime. *Id*. at ___, 137 S. Ct. at 1177.

Ventura-Serafin overlooks the fact that the plea agreement prohibited Schense from moving for a downward departure or variance. Additionally, Ventura-Serafin received a substantial downward variance of sixty-two months. Schense did not provide ineffective assistance of counsel for failing to make a motion prohibited by the plea agreement.

### 3. Rule 35(b) Motion

Ventura-Serafin claims Schense misled her "into believing that the government would be filing Rule 35." At the evidentiary hearing, Ventura-Serafin repeatedly stated that Schense promised her she would receive a "Rule 35." In response, Schense testified that he never promised Ventura-Serafin such a motion would be filed and no competent defense attorney would ever promise that.

Ventura-Serafin repeatedly testified that Schense told her that she had to sign the plea agreement to receive the Rule 35 motion. Schense never directly denied this, and the Court believes this may well have happened. However, saying that signing the plea agreement is a necessary prerequisite to obtaining a motion under Rule 35 is quite different from promising that signing the plea agreement will result in a Rule 35 motion.

After considering both the testimony of Ventura-Serafin and Schense, the Court concludes that Schense did not promise Ventura-Serafin that the government would file a motion under Rule 35.

### E. Direct Appeal

To prevail on her final claim, Ventura-Serafin must prove she directed Schense to file a direct appeal and he did not do so. "[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)).

At the evidentiary hearing, the Court asked Ventura-Serafin to describe the circumstances in which she purportedly asked Schense to file a direct appeal. She stated she asked him after the sentencing hearing if they could appeal the sentence. When he replied that they could not, she then allegedly asked if he was still her lawyer and he replied that he was. In contrast, Schense testified he discussed the possibility of filing an appeal with Ventura-Serafin, but she never asked him to do so.

After reviewing the testimony, the Court concludes that Ventura-Serafin never directed Schense to file a direct appeal. Even according to Ventura-Serafin's own testimony, she never directly told Schense to file an appeal. Additionally, the Court finds Schense's testimony that Ventura-Serafin never asked him to file an appeal to be credible. Schense was not ineffective for failing to file a direct appeal.

### F. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the district court to issue or deny a certificate of appealability after issuing a final order adverse to an applicant under § 2255. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing has not been made if no reasonable jurist could conclude the district court incorrectly dismissed the petition. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Ventura-Serafin has not made the required substantial showing and this Court will not issue a certificate of appealability.

## III. CONCLUSION

Schense did not fail to explain the plea agreement to Ventura-Serafin because she testified under oath that she had read the entire plea agreement and understood it. Schense's failure to object to Ventura-Serafin's designation as a career offender was not deficient performance because the designation was accurate. Schense's lack of objections to the PSR did not constitute ineffective assistance of counsel. Ventura-Serafin did not direct Schense to file a direct appeal. Accordingly,

IT IS ORDERED:
1. April Ventura-Serafin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 48) is denied.
2. No certificate of appealability shall issue.
3. A separate judgment in accordance with this Memorandum and Order will be entered this date.

Dated this 1st day of May, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge